UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-21730-CIV-SINGHAL

TAHER SHRITEH,

    Plaintiff,

vs.

NEWS CORPORATION et al.,

    Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court *sua sponte* upon review of the record. Plaintiff's Amended Complaint and Demand for Jury Trial (DE [13]) alleges that Plaintiff is a resident of Charlotte County, Florida, and operator of 17 retail stores in Southwest Florida." (Am. Compl., (DE [13]) ¶ 6)). Plaintiff subsequently alleges that venue is proper in this district because "a substantial part of the events or omissions giving rise to the claim occurred in this District." (DE [13], ¶ 4). Plaintiff makes no other specific claims regarding where any of the events relating to this action occurred or any further references to locations in Florida. Plaintiff's lawyers may be located in Miami, but venue cannot be based on such a tenuous link with this District.

    Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." District courts have the authority to transfer cases *sua sponte*. *See Kapordelis v. Danzig*, 387 F. App'x 905, 907 (11th Cir. 2010) (affirming district court's *sua sponte* transfer of case pursuant to 28 U.S.C. § 1406(a)); *Berry v. Salter*, 179 F. Supp. 2d 1345, 1350 (M.D. Ala. 2001) (recognizing that a court "may transfer a case *sua sponte* under

either 28 U.S.C. § 1404 or 28 U.S.C. § 1406).

"A civil action may be brought in--(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Clerk of Court shall transfer this case to the United States District Court for the Middle District of Florida, Fort Myers Division.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 30th day of July 2025.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF